UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY MASON,

        Plaintiff,                      CIVIL ACTION NO. 13-11472

       v.                           DISTRICT JUDGE LAWRENCE P. ZATKOFF

                                    MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO
DISMISS CASE FOR FAILURE TO PROSECUTE**

**I.    RECOMMENDATION**

This Magistrate Judge **RECOMMENDS** that Plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

*A.    Introduction*

This case seeks review of the Commissioner's decision to deny Plaintiff's application for social security benefits. Judge Lawrence P. Zatkoff referred the case to this Magistrate Judge for general case management on April 1, 2013 (Dkt. No. 3). Pursuant to the Scheduling Order (Dkt. No. 12), Plaintiff's motion for summary judgment was due by August 7, 2013. Because Plaintiff did not file a motion for summary judgment by the deadline, on August 8, 2013, this Magistrate Judge entered an Order to Show Cause notifying Plaintiff that if she did not file a motion for

summary judgment by August 30, 2013, her case may be dismissed (Dkt. No. 13). Plaintiff did not respond to the Order to Show Cause. Accordingly, this Magistrate Judge concludes that Plaintiff no longer wishes to pursue her case.

### B.     *Discussion*

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims.... On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff's motion for summary judgment was originally due on August 7, 2013. That deadline was extended to August 30, 2013. Plaintiff failed to file a dispositive motion, or even simply a letter explaining her arguments (as the Court suggested). In addition, Plaintiff was specifically warned that her case may be dismissed should she fail to file a motion

for summary judgment (Dkt. No. 13). Defendant should not be further prejudiced by Plaintiff's failure to pursue her claims; this outcome is consistent with the prevailing practice throughout this circuit. *See, e.g.*, *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure to file a motion for summary judgment was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)).

  *C.*  *Conclusion*

  Because Plaintiff has failed to comply with the Court's Scheduling Order, even after a specific warning that failure to do so could result in the dismissal of her case, this Magistrate Judge concludes that Plaintiff has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner. As a result, this Magistrate Judge **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

                                            s/Mark A. Randon
                                            Mark A. Randon
                                            United States Magistrate Judge

Dated: September 6, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 6, 2013, by electronic and/or ordinary mail.*

                                            *s/Eddrey Butts*
                                            *Case Manager to Magistrate Judge Mark A. Randon*